IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAPHNE COLE, WA 7462,            )<br>                                                  )<br>          Petitioner,                    )<br>                                                  )<br>     vs.                                       )<br>                                                  )<br>RON DAVIS, Acting Warden,     )<br>                                                  )<br>          Respondent.                 )<br>_____ ) | No. C 12-2854 CRB (PR)<br><br>ORDER TO SHOW CAUSE<br><br>(Docket # 1 & 4) |

Petitioner, a state prisoner at Valley State Prison for Women, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Alameda County Superior Court. Petitioner also seeks "tolling" of the limitation period and leave to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

Petitioner pleaded no contest to three counts of robbery and two gun enhancement allegations. On or about October 27, 2010, she was sentenced to 20 years and four months in state prison.

Petitioner did not appeal, but unsuccessfully challenged her conviction in the state courts by filing several petitions for a writ of habeas corpus. According to her federal petition, the Supreme Court of California denied her final state petition on March 26, 2012.

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Claims</u>

Petitioner seeks federal habeas corpus relief on the grounds that her plea was not voluntary and intelligent, and that counsel did not provide her with effective assistance. It well established that the only challenges left open in federal habeas corpus after a plea of guilty (or no contest) is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. <u>Hill v. Lockhart</u>, 474 U.S. 52, 56-57 (1985). Liberally construed, petitioner's claims appear minimally cognizable under § 2254 and merit an answer from respondent. <u>See</u> <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (docket # 4) is GRANTED. But her request for "tolling" of the limitation period (docket # 1) is DENIED as premature.

2. The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney

General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED:  Nov. 7, 2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.12\Cole, D.12-2854.osc.wpd

3