IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAPHNE COLE, WA 7462, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> DEBORAH K. JOHNSON, Warden, ) <br> ) <br> Respondent. ) <br> ) | No. C 12-2854 CRB (PR) <br><br> ORDER GRANTING MOTION TO DISMISS PETITION AS UNEXHAUSTED <br><br> (Docket # 13) |

I.

Petitioner, a state prisoner incarcerated at the Central California Women's Facility, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Alameda County Superior Court. She also seeks "tolling" of the one-year limitation period under 28 U.S.C. § 2244(d)(1)(A).

Per order filed on November 13, 2012, the court found that petitioner's claims for relief – that her no contest plea was not voluntary and intelligent, and that counsel did not provide her with effective assistance – appear minimally cognizable under § 2254, when liberally construed, and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent instead moves to dismiss the petition as untimely and unexhausted. Petitioner did not file an opposition.

II.

On September 27, 2010, petitioner pleaded no contest to three counts of second degree robbery and admitted two personal use of firearm enhancement allegations.  On October 28, 2010, the Alameda County Superior Court sentenced her to 20 years and four months in state prison.  Petitioner did not appeal.

On October 12, 2011, petitioner filed a petition for a writ of habeas corpus in the Alameda County Superior Court.  It was denied in January 2012.

On January 25, 2012, petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal.  It was denied on February 7, 2012.

On June 12, 2012, petitioner filed an amended petition for a writ of habeas corpus in the Alameda County Superior Court.  It was denied on July 26, 2012.

On September 7, 2012, petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal.  It was denied on September 12, 2012.

On July 9, 2012, petitioner filed the instant federal petition.

III.

Prisoners in state custody who wish to challenge collaterally in federal habeas corpus proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b)-(c).  Petitioner has not done so.  She has not presented the Supreme Court of California with an opportunity to consider and rule on her claims.   See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (state's highest court must be given opportunity to rule on claims even if review is discretionary); Larche v. Simons, 53 F.3d 1068, 1071-72 (9th Cir. 1995) (Supreme Court of California must be given at least one opportunity to review

state prisoners' federal claims).  The petition for a writ of habeas corpus must be dismissed without prejudice to refiling after state judicial remedies are exhausted.  See id.

IV.

For the foregoing reasons, respondent's motion to dismiss the petition for a writ of habeas corpus as unexhausted (docket # 13) is GRANTED.  The petition is dismissed without prejudice to refiling after state judicial remedies are exhausted.  The court need not decide whether petitioner is entitled to "tolling" of the one-year limitation time until she exhausts her state judicial remedies.

The clerk shall enter judgment in accordance with this order and close the file.

SO ORDERED.

DATED:   June 13, 2013

CHARLES R. BREYER
United States District Judge

N:\Cole, D.12-2854.mtd.wpd

3